UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KEVIN TYRONE WILSON, ) | CASE NO. 4:05 CV 2099 |
| ) | |
| Petitioner, ) | JUDGE DAVID A. KATZ |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| T.R. SNIEZEK, WARDEN F.C.I. ) | |
| ELKTON, ) | |
| ) | |
| Respondent. ) | |

On September 1, 2005, pro se petitioner Kevin Tyrone Wilson filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), challenges the Bureau of Prisons' (BOP) calculation of jail credit regarding a concurrent sentence. For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Wilson was indicted in the United States District Court for the Eastern District of Michigan. See United States v. Wilson, No. 89-cr-50025 (E.D. Mich. 1989). He pleaded not guilty and proceeded to trial by jury. The jury found him guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.[1] He was sentenced to 360 months in prison on April 16, 1991 by United States

---

[1] A review of Mr. Wilson's appeal in this case indicates that he, along with seven other defendants, was indicted under a superceding indictment filed on July 14, 1989. He was charged under Count I, along with two co-defendants, with conspiring to distribute cocaine and cocaine base in violation of Title
(continued...)

District Court Judge Paul Gadola.

A notice of appeal was filed through counsel wherein Mr. Wilson challenged the "penalty provision which treated one gram of crack cocaine as equivalent of 100 grams" as a violation of the Equal Protection Clause. (Pet. at 3.) The appeal was denied and the district court's sentence was affirmed. United States v. Wilson, et al., 962 F.2d 1218 (6th Cir. 1992).

In a letter that the district court construed as a motion to vacate or set aside his sentence in accordance with 28 U.S.C. § 2255, Mr. Wilson requested that his federal sentence run concurrently with a five year state sentence he was serving. The district court granted his request on May 13, 1993.

Twelve years after the district court granted Mr. Wilson's request to run his state and federal sentences concurrently it seemed to him that the BOP was not properly calculating his term of imprisonment. As a result, he submitted an Informal Resolution Form (IRF) to a Staff Member at F.C.I. Elkton on March 2, 2005. On the IRF, he claimed that the BOP was disregarding the court's order that his federal and state sentences run concurrently. The staff member discussed the matter with Mr. Wilson on March 3, 2005 and explained that petitioner's state sentence commenced on April 17, 1989, while his federal sentence commenced on April 16, 1991. He noted that when the federal district court granted petitioner's request and ordered his federal sentence to run concurrently to his state sentence

---

[1](...continued)
21 U.S.C. §§ 846 and 841(a)(1). The case proceeded to jury trial on May 11, 1990, against five of the defendants named in the superceding indictment including Mr. Wilson. On June 1, 1990, the jury convicted him of conspiring to distribute cocaine and cocaine base. United States v. Wilson, et al., 962 F.2d 1218, 1221 (6th Cir. 1992).

2

the court could not apply an effective date before the April 16, 1991 date on which the federal sentence was originally imposed. Each response to Mr. Wilson's subsequent appeals to the warden, BOP Regional Director and Administrator of National Inmate Appeals reiterated the same point.

In his petition before this court, Mr. Wilson complains that the BOP has "not given petitioner a full concurrent sentence as the judge ordered, the cases was [sic] related and in the judge['s] order, the Government concurred that the State conviction arose out of the same factual circumstances as the federal conviction." (Pet. at 4.) He adds that, as a result of the BOP's actions he is being charged twice for the same crime. Accordingly, he maintains that he is entitled to a "downward departure in order to adjust his State Conviction." (Pet. at 4.)

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). This case clearly involves a challenge to the manner in which the BOP is executing Mr. Wilson's sentence.

Whenever a prisoner seeks review of the BOP's calculation of his release date, he must first exhaust his administrative remedies within the BOP. See United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir.1992), cert. denied, 507 U.S. 1019 (1993); Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). A review of the attachments clearly indicates that Mr. Wilson has fully exhausted his administrative remedies and that this court has subject matter jurisdiction over his petition.

*Analysis*

3

Mr. Wilson does not cite under what statutory authority he is entitled to credit against his federal sentence; however the alleged facts suggest he is seeking credit under the provisions set forth in 18 U.S.C. §3585(b). The statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>  (1) as a result of the offense for which the sentence was imposed; or
>  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). Here, petitioner argues that he is entitled to an earlier release because the federal charge for which he was arrested occurred after the commission of the offense for which his state sentence was imposed. Based on this premise, as well as the fact that Mr. Wilson believes that concurrent sentences must commence on the same date, he asserts that the BOP is miscalculating his period of incarceration.

*Sentence Commencement*

The Sixth Circuit has interpreted 18 U.S.C. § 3584 to provide that "multiple terms of imprisonment imposed at different times run <u>consecutively</u> unless the court orders that the terms are to run concurrently" pursuant to 18 U.S.C. § 3584(a). <u>See</u> <u>United States v. Quintero</u>, 157 F.3d 1038, 1040 (6th Cir. 1998). Therefore, whether a sentence runs concurrently or consecutively is strictly within the discretion of the trial court. Although the district court acted within the scope of its authority and exercised its discretion to allow Mr. Wilson's sentences to run concurrently, it could not base that

4

decision on 18 U.S.C. § 3585, the sentencing credit statute. The Supreme Court has explicitly held that the authority to award sentence credit under § 3585(b) is granted by Congress to the Attorney General rather than to the sentencing court. See United States v. Wilson, 503 U.S. 329, 334 (1992). Thus, although Mr. Wilson argues that the BOP is acting in contravention of the district court order that his sentences run concurrently, the basis upon which he claims he is entitled to an earlier release date from prison falls strictly under the provisions of 18 U.S.C. § 3585.

*18 U.S.C. § 3585*

After a district court sentences a federal offender, it is the Attorney General, through the BOP, which has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Id., at 335.

Here the Bureau has determined that Mr. Wilson is not entitled to credit on his federal sentence for the period from March 17, 1989, until his federal sentence was imposed on April 16, 1991. One critical reason for its decision is the fact that he was not in exclusive federal custody during that time.

Mr. Wilson was sentenced by the Seventh Circuit Court in Flint, Michigan on April 17, 1989 to 3 - 8 years in prison. He alleges that he was moved from the state and taken to a federal

facility in August 1989. At the time he was brought to a federal detention center to await trial on a federal offense, Mr. Wilson was still serving his state sentence. It is a legal axiom that the state from which a prisoner is transported retains primary jurisdiction over that prisoner as long as the prisoner is serving an unexpired state sentence. See Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody). Therefore, Mr. Wilson was not in exclusive federal custody as long as he was still serving his state sentence. Federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918-19 (10th Cir.1982); Roche v. Sizer, 675 F.2d 507, 509-10 (2d Cir.1982). Because the court later specified that petitioner's federal sentence was to run concurrently to his state sentence, it permitted the computation of Mr. Wilson's federal sentence to run from the date the court imposed his federal sentence, or April 16, 1991.

Moreover, while Mr. Wilson was in a federal detention facility awaiting trial, the state continued to credit his state sentence for that time period. The statute expressly prohibits the application of sentencing credit to more than one sentence. See 18 U.S.C. §3585(b)(sentence credit is available "that has not been credited against another sentence.") As a consequence, Mr. Wilson is not entitled to relief under 18 U.S.C. § 3585.

Based on the foregoing, this action is dismissed pursuant 28 U.S.C. § 2243. The court

6

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                 s/ DAVID A. KATZ 10/7/05

                 DAVID A. KATZ
                 UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.